IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Charles W. Jones, | Case No. 3:08 CV 2733 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Karen Zolciak, et al., | |
| Defendants. | |

*Pro se* Plaintiff Charles Wayne Jones filed this action against Lucas County Jail Nurse Karen Zolciak, the Lucas County Sheriff's Medical Department, Lucas County Jail Psychiatrist Dr. Valko, Lucas County Jail Director of Nursing Valerie Sylvester, Lucas County Jail Director of Inmate Services Debbie DeCola, Lucas County Court of Common Pleas Judge Stacy Cook, Lucas County Court of Common Pleas Judge Ruth Ann Franks, Lucas County Court of Common Pleas Clerk of Court Bernie Quilter, and Lucas County Assistant Prosecutor Andrew Ranazzi. In the Complaint, Plaintiff alleges these Defendants engaged in a conspiracy which caused injury to him. He seeks monetary damages.

**BACKGROUND**

During his incarceration at the Lucas County Jail, Plaintiff and Valko had a dispute concerning the medications Plaintiff was to receive. Plaintiff claims he received prescriptions from a Flower Hospital psychiatrist three weeks prior to his incarceration in the jail. Valko refused to fill those prescriptions and substituted or discontinued Plaintiff's medications. Plaintiff alleges Zolciak gave

him the "wrong medication" on October 2, 2007 (Compl. at 4). As a result, he became incoherent and fell, sustaining an injury to his shoulder. He also states he was denied physical therapy and steroid shots for his shoulder.

Plaintiff filed two lawsuits in the Lucas County Court of Common Pleas on January 2, 2008. The first lawsuit (Case No. G-4801-CI-200801009) against Valko was assigned to Judge Ruth Ann Franks. Assistant Prosecutor Andrew Ranazzi, representing Valko, filed a motion for judgment on the pleadings on August 4, 2008. The motion was granted on August 28, 2008. Plaintiff claims Judge Franks ruled incorrectly.

The second lawsuit (Case No. G-4801-CI-200801010) was brought against Zolciak, Sylvester, and the Lucas County Sheriff's Medical Department. Ranazzi also represented these defendants. That action, which was assigned to Judge Stacy Cook, is still pending. Plaintiff claims Ranazzi refused his numerous discovery requests for copies of his medical records and has not answered interrogatories. Judge Cook ordered Zolciak to produce the medical records on November 10, 2008. Plaintiff also claims Judge Cook ordered the Lucas County Sheriff's Medical Department to give Plaintiff all the medications prescribed for him. Nonetheless, Plaintiff contends Judge Cook is not properly handling this civil suit because she has not responded harshly enough to defendants' failure to comply with discovery requests.

In the present action, Plaintiff asserts Defendants are conspiring together. He claims Valko would not fill his prescriptions and Sylvester conspired to conceal the problem by answering grievances Jones intended for other jail personnel. He contends DeCola conspired with the others to deny medical records. He asserts Judge Cook conspired to cover up the action filed against the Lucas County defendants while Judge Franks was biased in favor of defendants. Plaintiff claims Quilter

2

conspired to cover up the lawsuit filed against the Lucas County Sheriff's Medical Department by failing to docket his request for medical records. Finally, Plaintiff claims Ranazzi conspired to conceal the lawsuit by failing to comply with discovery requests.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

**Res Judicata**

Plaintiff is barred from asserting his claims against Valko. The action he filed against Valko in the Lucas County Court of Common Pleas is based on the same facts presented in this action and was terminated in Valko's favor. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *Nat'l Amusement, Inc. v. City of Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio courts have already determined Plaintiff's claims against Valko are without merit. Plaintiff's claims against Valko are therefore barred by *res judicata*.

**Civil Conspiracy**

Plaintiff fails to state a claim for conspiracy. A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir.1985). Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy, and each conspirator need not know all the details of the illegal plan or all the participants involved. *Id*. at 944. Plaintiff, however, must demonstrate there was a single plan, the alleged co-conspirators shared in the general conspiratorial objective, and that they committed an overt act in furtherance of the conspiracy causing injury to the complainant. *Id.* Plaintiff failed to allege facts to satisfy each element of this cause of action.

Plaintiff provides no suggestion of a single plan, a shared general objective, or an overt act. The Complaint consists entirely of vague and conclusory allegations of conspiracy. Conspiracy claims must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts are not sufficient to state such a claim under Section 1983. *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). There are no facts in the Complaint which reasonably suggest Defendants were engaged in a conspiracy.

**Judicial Immunity**

Plaintiff's claims against Judge Franks and Judge Cook are without merit. Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). They are accorded this broad protection to ensure the independent and impartial exercise of their judgment is not impaired by the potential exposure to damages by dissatisfied litigants. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute immunity is overcome only when the conduct alleged is performed at a time when defendant

4

is not acting as a judge, or when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12. A judge will not be deprived of immunity even if the action taken was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff asserts the Judges are not properly handling the civil suits over which they preside. If these allegations are true, Plaintiff's remedy is an appeal of these judgments to the state courts of appeal. He does not have recourse against the Judges for damages under 42 U.S.C. §1983.

### Prosecutorial Immunity

Similarly, Ranazzi is immune from damages. Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). A prosecutor must exercise professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency because a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Imbler*, 424 U.S. at 424-25. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 797. The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement

5

role in "initiating . . . judicial proceedings," *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit." *Al-Bari v. Winn*, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). In this instance, the challenged actions of Ranazzi were all performed in connection with Ranazzi's defense of Plaintiff's civil suit against Lucas County officials. Therefore, Ranazzi is entitled to absolute immunity.

**Clerk of Court Immunity**

Court Clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks inherent in the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). All acts of auxiliary court personnel are considered judicial in character if they are "basic and integral part[s] of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." *Id.* Docketing Plaintiff's filings is an integral part of the judicial process. The civil case is certainly within the subject matter jurisdiction of the Lucas County Court of Common Pleas. *See Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993). Clerk of Court Bernie Quilter is therefore entitled to absolute immunity from damages.

## CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 30, 2009